## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDIS ALEXANDER BARRERA VIGIL, | : | No. 3:26cv1325 |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN in his official capacity as U.S. Secretary of Homeland Security; TODD BLANCHE in his official capacity as Acting Attorney General of the United States, JOHN RIFE in his official capacity as Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, JESSICA SAGE in her official capacity as Warden for the Federal Correctional Institution (FCI) Lewisburg, | : | |
| Respondents | : | |

.................................................................................................................

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner Rudis Alexander Barrera Vigil pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet. ¶ 9). Petitioner challenges his present detention at the Federal Correctional Institution in Lewisburg, Pennsylvania ("FCI Lewisburg") by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). (Id. ¶ 24). For the reasons set forth below, the petition will be granted in part. The

respondent will be directed to provide the petitioner with a bond hearing before an immigration judge ("IJ") within 14 days.  If a bond hearing is not scheduled within such time, the petitioner will be released on his own recognizance.[1]

Barrera is a native and citizen of El Salvador. (Doc. 5-2, Resp. Ex. 1, Form I-213 at 2).  His marital status is unclear.  Although the record does not address petitioner's marital status, Barrera's A-file reflects that he "has one minor USC [United States Citizen] child that is in the care of their mother." (Id.)  Barrera asserts that he has substantial family ties to the United States, particularly in Maryland, including a father who is a lawful permanent resident and multiple siblings, at least three of whom are United States citizens. (Doc. 1, Pet. ¶ 47).

Barrera further represents that he has maintained steady employment as an independent contractor in the remodeling and construction industry, demonstrating both a consistent work history and financial self-sufficiency. (Id. ¶ 48).

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Barrera filed the instant petition while detained at FCI Lewisburg which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Petitioner acknowledges that he entered the United States without inspection at an unknown location on or about August 2004 and was neither admitted nor paroled. (Id.; see also Doc. 5-2, Resp. Ex. 1, Form I-213 at 3).

Barrera has a criminal history. That history consists primarily of non-violent offenses, including alcohol consumption on school property, possession of an open container of alcohol, possession of an alcoholic beverage in a prohibited place, consumption of alcohol in public, and  failure to identify himself to police officers.  Petitioner also has a pending trespass charge. (Doc. 1, Pet. ¶ 1 n. 1; see also Doc. 5-2, Resp. Ex. 1, Form I-213 at 3-4).

Barrera maintains that these offenses are limited in nature and did not involve violence, weapons, or harm to others. (Doc. 1, Pet. ¶ 1).  Respondents likewise acknowledge that Barrera's criminal history is not the basis for his continued detention.  (Doc. 5, Resp. Br. at 5 n. 3).

By way of further background, on May 7, 2026, ICE Enforcement and Removal Operations ("ERO") officers were conducting a targeted enforcement operation involving another noncitizen in Silver Spring, Maryland. (Id. Resp. Ex. 1, Form I-213 at 2).  During that operation, ICE Officers observed a 2005 F-150 bearing a Maryland registration plate. (Id.)  A search of federal databases revealed that Barrera was the vehicle's registered owner and further indicated that he lacked lawful immigration status. (Id.)  Officers thereafter attempted a

3

traffic stop after observing an individual matching the petitioner's description operating the vehicle. (Id. at 3). According to respondents, Barrera exited the vehicle and fled on foot. (Id.) Officers pursued the petitioner for approximately 150 yards before apprehending him. (Id.) Following his apprehension, Barrera allegedly admitted that he was unlawfully present in the United States and had no pending immigration applications. (Id.) Petitioner was then arrested and transported to the Baltimore Field Office for further processing.[2]

That same day, Barrera was served with a Notice to Appear charging him as removable pursuant to Section 212(a)(6)(A)(i) of the INA on the ground that he was present in the United States without having been admitted or paroled. (Doc. 5-2, Resp. Ex. 2, Notice to Appear at 1). (Id.) Although the Notice to Appear initially scheduled a virtual hearing before an IJ on June 25, 2026, respondents represent that Barrera first appeared before an IJ on May 29, 2026. (Doc. 5, Resp. Br. at 6). Petitioner's next virtual hearing with an IJ is currently scheduled for July 8, 2026.[3]

With his petition for writ of habeas corpus, Barrera argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. §

---

[2] On or about May 7, 2026, Barrera was taken into custody and detained at the Moshannon Valley Processing Center. (Doc. 1, Pet. ¶ 50). Petitioner asserts that on or about May 14, 2026, he was transferred to FCI Lewisburg. (Id.)

[3] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed June 26, 2026).

1225(b)(2)(A), a mandatory detention statute.  Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute.  Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing.  Petitioner requests his immediate release from detention. (See Doc. 1, Pet. ¶¶ 52-81).

On behalf of respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[4]  Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

---

[4] Respondents contend that the only proper respondent is Jessica Sage, the Warden of FCI Lewisburg. (Doc. 5, Resp. Br. at 20).  Here, consistent with Padilla, Barrera has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.").  Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed.

To the extent that Jessica Sage is the only proper respondent in this matter, Sage is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[5] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).  The respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2-3) (collecting cases).  The court thus reads the response as not contesting the facts of Barrera's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

---

[5] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

6

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, or its prior decisions.[6] Because the parties frame Barrera's detention as governed by either of these two statutory provisions, the court concludes that Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.[7]

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Barrera 's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled. People who enter this country without legal authorization

---

[6] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[7] Barrera is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78. Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

7

are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Barrera has been in ICE custody since May 7, 2026, just shy of two months.  "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V.  "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that

8

Barrera's continued imprisonment at FCI Lewisburg pursuant to a mandatory detention statute violates his constitutional rights.[8]

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).  Although Barrera has a criminal history, it consists primarily of non-violent offenses, and respondents disclaim any reliance on that history as the basis for detention.  Whether Barrera presents a danger to the community or a risk of flight is therefore a determination that must be made by an IJ at an individualized bond hearing.

---

[8] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

Under the circumstances presented here, the appropriate remedy is not petitioner's immediate release, but rather a prompt bond hearing before a neutral IJ. At that hearing, the government shall bear the burden to justify petitioner's continued detention by clear and convincing evidence that petitioner's "continued detention is needed to prevent him from fleeing or harming the community." German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (citation omitted). Given the application of this standard in other contexts, this is the standard that must be applied by the IJ. See id. ("Even so, we see no basis for abandoning the settled rule that when a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof.").

If respondents fail to provide Barrera with a bond hearing within 14 days in accordance with this memorandum, the petitioner will be ordered released from FCI Lewisburg on his own recognizance.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Barrera's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) Barrera's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondent shall, **within 14 days of the date of this order,** provide Barrera with an individualized bond hearing in accordance with the analysis in the memorandum order;

10

4) If Barrera does not receive a bond hearing within the 14-day period, he shall be released **no later than July 13, 2026 at 12:00 noon** under the same circumstances that existed prior to his detention, including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

5) On or before **July 13, 2026 at 4:00 PM**, respondent shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Barrera has either been provided with a bond hearing or has been released from custody; and

6) The Clerk of Court is directed to **CLOSE** this case.

Date: 6/26/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11